**F I L E D**

IN THE UNITED STATES COURT OF APPEALS

**March 27, 2003**

FOR THE FIFTH CIRCUIT

_____

No. 02-41209

Summary Calendar
_____

ROLISHA GOINS

Plaintiff - Appellant

v.


HITCHCOCK INDEPENDENT SCHOOL DISTRICT; JOSIE M ORR,
Individually and as President of the Board of Education for
Hitchcock Independent School District; RON MEIER,
Individually and as Vice President of the Board of Education
for Hitchcock Independent School District; DORIS
SCURRY-KENNEDY, As an individual and as Secretary for the
Board of Education for Hitchcock Independent School
District; PAT TURNER, As an individual and as a Member of
the Board of Education for Hitchcock Independent School
District; RICKY BOND, As an Individual and as a Member of
the Board of Education for Hitchcock Independent School
District; SHAWN KADLECEK, As an Individual and as a Member
of the Board of Education for Hitchcock Independent School
District; RUTH A KANE, As an Individual and as
Superintendent; BILL BANKS, Individually and as former
Superintendent of Hitchcock Independent School District

Defendants - Appellees

_____

Appeal from the United States District Court
for the Southern District of Texas
No. G-01-CV-498
_____

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

This case arises from a claim of sex discrimination allegedly suffered by Plaintiff-Appellant Rolisha Goins while serving as a women's basketball and volleyball coach for Defendant-Appellee Hitchcock Independent School District ("H.I.S.D."). Although separate from another sex discrimination suit brought by Goins against H.I.S.D. in 1998, this case relates to a settlement agreement resulting from the 1998 lawsuit and involves allegations that H.I.S.D., along with the individual defendants, did not faithfully execute Goins's employment contract in the spirit of the settlement agreement.

On appeal, Goins contends that the district court erred in numerous ways: (1) in failing to enforce its instructions in an oral hearing; (2) in failing to follow its own scheduling instructions in another hearing; (3) in issuing a docket control order; (4) in denying her request for special master, ignoring her request to amend the complaint, and granting H.I.S.D.'s Partial Motion to Dismiss; (5) in denying her Motion for Reconsideration; (6) in striking her Motion to Amend; (7) in denying her Motion to Recuse; (8) in granting H.I.S.D.'s Motion for Summary Judgment and denying her Motions for Reconsideration

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and for Leave to Supplement the Motion to Amend the Complaint; and (9) in granting judgment for H.I.S.D.

The district court extensively reviewed each of the issues presented on appeal and adequately responded to each one in kind, even in situations where Defendants' motions were technically unopposed due to Goins's inability to respond to them. Based on our review of the record, we conclude that Goins cannot establish reversible error. Therefore, the judgment of the district court is

AFFIRMED.